**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MARK FANSLER and LINDA GOLDSTEIN,

    Plaintiffs,

v.

NORTH AMERICAN TITLE INSURANCE COMPANY, R. MATTHEW LONGO, LONGO & ASSOCIATES, L.P., RICHARD M. LONGO, HILLCREST ASSOCIATES, INC. and GLOBAL TITLE, INC.,

    Defendants.

C.A. No.: N17C-09-015 EMD

### ORDER DENYING DEFENDANTS RICHARD M. LONGO AND HILLCREST ASSOCIATES, INC.'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Upon consideration of Defendants Richard M. Longo and Hillcrest Associates, Inc.'s Motion to Dismiss or for a More Definite Statement (the "Motion") filed by Defendants Richard M. Longo and Hillcrest Associates, Inc. (collectively, "Defendants"); the Opposition to Defendants Richard M. Longo and Hillcrest Associates, Inc.'s Motion to Dismiss or for a More Definite Statement (the "Opposition") filed by Plaintiffs Mark Fansler and Linda Goldstein (collectively, "Plaintiffs"); the Amended Complaint; and the entire record of this civil action:

1. The Court has determined that no hearing is necessary on the Motion and the Opposition.

2. Upon a motion to dismiss under Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to

recover under any reasonably conceivable set of circumstances.[1]  However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[2]

3.     Rule 9(b) requires all allegations of negligence to be pleaded with particularity.[3] The underlying purpose of Rule 9(b) is to ensure that a party is notified of the "acts or omissions by which it is alleged that a duty has been violated in order to enable the preparation of a defense."[4]  "To satisfy this purpose, 'it is usually necessary to allege only sufficient facts out of which a duty is implied and a general averment of failure to discharge that duty.'"[5]

5.     To plead a cause of action for negligence, Plaintiffs must allege sufficient facts to support the following elements: (i) a duty; (ii) a breach of that duty; (iii) causal connection between the breach and the injury sustained; and (iv) actual loss or damages that result from the breach.[6]

4.     From the factual allegations in the Amended Complaint, the Court can discern that Plaintiffs are suing Defendants for purported acts of professional negligence arising out of a survey plan of a property (the "Property") located at 1805 Walnut Street, Wilmington, Delaware 19809.[7]  In summary, Plaintiffs allege that Defendants negligently surveyed the Property and/or an easement such that the Property remained landlocked despite representations in the survey plan that the easement would provide access.  Plaintiffs contend that Defendants' negligent

---

[1] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[2] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[3] Del. Super. Ct. R. 9(b); *see also Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. 2012).
[4] *State Farm Fire & Cas., Co. v. General Elec. Co.*, C.A. No. 09C-02-187 PLA, 2009 WL 5177156, at *5 (Del. Super. Dec. 1, 2009).
[5] *Id*. (quoting from *Riggs Nat'l Bank v. Boyd*, No. C.A. 96C-05-122-WTQ, 2000 WL 303308, at *3 (Del. Super. Feb. 23, 2000)).
[6] *See, e.g., Coleman v. PricewaterhouseCoopers, LLC*, 854 A.2d 838, 842 (Del. 2004).
[7] Am. Compl. ¶¶ 3 and 14, 20, 22-23, and 34-36.

conduct, along with the conduct of the other defendants in this civil action, caused damages that total at least $169,187.74.[8]

5. The Court finds and holds that Plaintiffs have alleged sufficient facts to put Defendants on notice of the negligence claim assert against them and prepare a defense. The duty was to survey in accordance with applicable Professional Regulations and care so that Plaintiffs would have known that the Property did not have appropriate access to Walnut Street. Plaintiffs allege that Defendants breached that duty and that the breach is the proximate cause of actual damages.

6. For the foregoing reasons, the Court **DENIES** the Motion relating to Count II of the Amended Complaint.

Dated: August 14, 2018
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

---

[8] *Id*. ¶¶ 25 and 37.